L. D. GULLEY v. E. G. COPELAND et al.

*Res Judicata—Practice, Motion in the Cause—Evidence, Oral, to Explain Written Document.*

1. In an action brought by a mortgagor to redeem mortgaged chattels, a balance was adjudged to be due the mortgagee, and he was ordered to cancel the mortgage upon receipt of such balance, but no foreclosure sale of the mortgaged property was ordered: *Held*, that such judgment was *res judicata* as to the balance due the mortgagee, but was not a bar to a separate action of claim and delivery, brought by the mortgagee to recover the mortgaged chattels; nor was the mortgagee confined to a motion in the cause, in the action for redemption, for his remedy.

2. It is not competent to show by oral testimony what a party means in a written statement, submitted and acted upon by others. Hence, where a referee files a statement of account between parties as part of his report, which report is confirmed, he cannot, in another action between the parties, explain the account orally.

CIVIL ACTION, tried before *Shepherd, J.*, at April Term, 1887, of WAYNE Superior Court.

In February, 1883, the defendants instituted suit against the plaintiff in the Superior Court of Wayne, for an adjustment of claims held by the latter, and secured by chattel mortgages, seven in number, executed by the plaintiff, E. G. Copeland, and to compel a conveyance of a certain parcel of land, the title to which the defendant had caused to be made to himself, by the vendor, Julia Goelet. After a reference and report, it was ascertained that the said E. G. Copeland was indebted, on May 1, 1885, to said L. D. Gulley, in the sum of $245.40, for which the said Gulley was entitled to judgment, and that upon the payment thereof the mortgages were to be discharged. It was further ascertained that all the purchase money due for the land had been paid by the vendee, Sallie A. Copeland, including the sum advanced

by Gulley when he took the title, and that she was entitled to a conveyance of the land from him.

At September Term, 1885, all exceptions to the report were overruled and it confirmed, and, among other things, it was adjudged by the Court, "that the defendant L. D. Gulley recover of the plaintiff E. G. Copeland the sum of two hundred and forty-five dollars and forty cents, with interest on the same from May 1, 1885, and that upon the payment of said sum to said defendant by said E. G. Copeland, it is ordered that said Gulley cancel and mark ' satisfied,' on the records of Wayne County, the chattel mortgages referred to in the amended complaint in this action, and executed by said E. G. Copeland to said Gulley."

The conveyance of the land has been made to the said Sallie A., and the money declared to be due her paid by the said Gulley, but so much of the judgment as relates to the amount due Gulley from E. G. Copeland, and the discharge of the chattel mortgages, remains unperformed.

The present action, begun on December 21, 1885, is to recover possession of certain personal goods, described and conveyed in the chattel mortgages, and in it the plaintiff has sued out process to secure the immediate delivery of the said articles, under the statute (*The Code,* § 321, *et seq.*), pursuant to which the Sheriff seized and took in possession certain goods mentioned in his return, and restored them to defendants, on their giving the bond required by law.

Among other defences to the action the defendants say that the subject-matter of this action was adjusted and determined in the first action between the same parties, with reversed relations, and that this adjudication is a bar to the present proceedings.

And further, that if not finally disposed of therein, the remedy lies in a motion in that cause, which is still pending, to carry into effect the unperformed part, and not in the institution of an independent suit.

There was a reference, by order of the Court made at April Term, 1886, to R. W. Nixon, who filed his report at July Term next ensuing, in which are separate findings of fact and law, to which said G. G. Copeland filed eleven exceptions; and upon the hearing the exceptions were overruled and the report confirmed, and judgment rendered in favor of the plaintiff for the recovery of the following articles, mentioned in the complaint, of the value of each as agreed on between the parties, to-wit: One bay horse, of the value of $100; one spotted cow, of the value of $15; one cart, of the value of $1. And it was further adjudged that the plaintiff also recover of the defendant and Elizabeth Pearson, surety on the undertaking for the forthcoming of said property, as damages for the wrongful detention thereof, interest on $127, the agreed value of said property, at the rate of 6 per cent. per annum. from the 21st day of December, 1885, the day of commencing the action, and that the plaintiff recover of said defendants and surety the assessed value aforesaid of such of the articles as are herein mentioned, as a return cannot be had thereof, and the costs of the action incurred by the plaintiff.

From this judgment the defendants appealed.

*Messrs. E. W. Kerr* and *N. Y. Gulley,* for the plaintiff.
*Mr. W. R. Allen,* for the defendants.

SMITH, C. J. (after stating the case). We concur in the ruling of the Court, that neither of the obstructions. relied on as in the way of prosecuting the present action is a bar thereto. It is distinctly adjudged in the first suit that, upon an account stated, in which all the moneyed transactions between the contesting parties are set out in detail, there remains a resultant balance due the plaintiff of $245.40, which he recovers of the defendant, E. G. Copeland, and upon its payment the mortgages wherein it is secured will be discharged and must be cancelled. But this has not been done,

and hence, a right to get possession still residing in the plaintiff, may be enforced, and damages recovered commensurate with the secured debt, but not beyond its amount.

The former adjudication not only determines the sum due, but that it is secured in the mortgages, and these are not open longer to controversy. But it does not direct a sale of the mortgaged property, leaving the discharge of the mortgage dependent upon the action of the defendants, and they have taken no steps in the direction of the exoneration of the property. It was left, therefore, to the plaintiff to seek the remedy he has adopted, and, the result being a conversion of the property into its money value, the reception of so much as will pay the debt and costs thus becoming a satisfaction of the demand. But the recovery, in this case, falls short of the required amount, and will all belong to the plaintiff.

The exceptions, not disposed of in what has been already said, have not been urged in the argument, and are untenable, and we notice only that relating to the refusal to allow the referee in the first cause to explain his account orally. Evidence of this sort falls under the general ruling, which excludes outside oral testimony of what a party means in a written statement submitted and acted on by others.

It is obligatory, in the sense in which it was understood and acted upon by the parties affected by it, ascertained by its terms and their fitting to surrounding facts, and not from the undisclosed intention of the person preparing the paper. But a sufficient answer is found in the fact, that what was proposed to be shown sufficiently appears in the report itself, without such external aid, and the ascertained balance is determined, to be secured under the chattel mortgages, one or more of them, it matters not which, and this has become *res adjudicata.*

We find no error, and the judgment must be affirmed.

No error.                                   Affirmed.